UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: SNYDER, GILSON § Case No. 15-22422-BSJ
§
§
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on June 29, 2015. The undersigned trustee was appointed on June 29, 2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $     95,977.30

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 456.33 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 1,541.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of [1] | $ 93,979.97 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 04/07/2017 and the deadline for filing governmental claims was 04/07/2017. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $7,971.82. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $7,971.82, for a total compensation of $7,971.82.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/20/2017         By: /s/EUGENE CRANE
                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 15-22422-BSJ  
**Case Name:** SNYDER, GILSON  

**Period Ending:** 06/20/17

**Trustee:** (330350) EUGENE CRANE  
**Filed (f) or Converted (c):** 06/29/15 (f)  
**§341(a) Meeting Date:** 08/11/15  
**Claims Bar Date:** 04/07/17

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|
| 1 | Location: 3139 Louis St, Franklin Park, jointly<br>  Imported from original petition Doc# 1; Exemption: Location: 3139 Louis St, Franklin Park IL 60131 - Amount: 15000.00; Exemption: Location: 3139 Louis St, Franklin Park IL 60131 - Amount: 15000.00 Lien: Account No.36596559<br>Bank of America<br>Amount: 24896.00; Exemption: Location: 3139 Louis St, Franklin Park IL 60131 - Amount: 15000.00 Lien: Account No.36596559<br>Bank of America<br>Amount: 24896.00 Lien: Account No.3289<br>Us Bank<br>Amount: 144340.00 | 150,000.00 | 0.00 | | 0.00 | FA |
| 2 | 1025-1037 North 27th Ave Melrose, rented commerc<br>  Imported from original petition Doc# 1; Lien: Account No.<br>US Bank<br>Amount: 285000.00 | 360,000.00 | 75,000.00 | | 0.00 | FA |
| 3 | 7 properties in Dowagiac, MI<br>  Imported from original petition Doc# 1; Lien: Account No.xxxx1625, xxx3511, xxx8130, xx<br>Citimortgage Inc<br>Po Box 9438,dept 0251<br>Gaithersburg, MD 20898 - Amount: 84128.00 | 79,000.00 | 0.00 | | 0.00 | FA |
| 4 | 5 properties owned in Sheffield, IL 25% interest<br>  Imported from original petition Doc# 1; Lien: Account No.434191<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146 - Amount: 24663.00; Lien: Account No.434191<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146 - Amount: 24663.00 Lien: Account | 48,000.00 | 0.00 | | 0.00 | FA |

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 15-22422-BSJ  
**Case Name:** SNYDER, GILSON  

**Period Ending:** 06/20/17

**Trustee:** (330350) EUGENE CRANE  
**Filed (f) or Converted (c):** 06/29/15 (f)  
**§341(a) Meeting Date:** 08/11/15  
**Claims Bar Date:** 04/07/17

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
|  | No.6280000453103<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146  -  Amount: 20634.00; Lien: Account No.434191<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146  -  Amount: 24663.00 Lien: Account No.6280000453103<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146  -  Amount: 20634.00 Lien: Account No.6280000453091<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146  -  Amount: 20265.00 |  |  |  |  |  |
| 5 | Joint with Jay Snyder at 5/3 bank checking acct<br>    Imported from original petition Doc# 1 | 100.00 | 100.00 |  | 0.00 | FA |
| 6 | Dowagiac Area Credit Union two accounts joint wi<br>    Imported from original petition Doc# 1; Exemption: Dowagiac Area Credit Union two accounts joint with Jay Snyder  125 + 125 1st Source Bank Dowagiac one account with  -  Amount: 209.00 | 209.00 | 0.00 |  | 0.00 | FA |
| 7 | Peoples National Bank joint with Nancy, checking<br>    Imported from original petition Doc# 1; Exemption: Peoples National Bank joint with Nancy, checking account  -  Amount: 600.00 | 600.00 | 0.00 |  | 0.00 | FA |
| 8 | Fifth Third Bank joint with Nancy snyder, checki<br>    Imported from original petition Doc# 1; Exemption: Fifth Third Bank joint with Nancy snyder, checking  -  Amount: 150.00 | 150.00 | 0.00 |  | 0.00 | FA |
| 9 | J & G Sales, Fifth Third checking account | 900.00 | 0.00 |  | 0.00 | FA |

Exhibit A

Page: 3

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 15-22422-BSJ  
**Case Name:** SNYDER, GILSON  

**Period Ending:** 06/20/17

**Trustee:** (330350) EUGENE CRANE  
**Filed (f) or Converted (c):** 06/29/15 (f)  
**§341(a) Meeting Date:** 08/11/15  
**Claims Bar Date:** 04/07/17

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|
| Imported from original petition Doc# 1; Exemption: J & G Sales, sole proprieter business, account with Fifth Third, checking  -  Amount: 900.00 | | | | | |
| 10  misc household items<br>    Imported from original petition Doc# 1; Exemption: Joint with Jay Snyder at 5/3 bank checking account  -  Amount: 100.00; Exemption: Joint with Jay Snyder at 5/3 bank checking account  -  Amount: 100.00 Exemption: misc household items  -  Amount: 200.00 | 200.00 | 0.00 | | 0.00 | FA |
| 11  misc clothing<br>    Imported from original petition Doc# 1; Exemption: misc clothing  -  Amount: 200.00 | 200.00 | 0.00 | | 0.00 | FA |
| 12  AXA 401K<br>    Imported from original petition Doc# 1; Exemption: AXA 401K  -  Amount: 6500.00 | 6,500.00 | 0.00 | | 0.00 | FA |
| 13  Equitable Company IRA<br>    Imported from original petition Doc# 1; Exemption: Equitable Company IRA  -  Amount: 14000.00 | 14,000.00 | 0.00 | | 0.00 | FA |
| 14  J & G Sales, sole proprietership,<br>    No income in four years. No value<br><br>Imported from original petition Doc# 1; Lien: Account No.453101<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146  -  Amount: 18198.00 | 0.00 | 0.00 | | 0.00 | FA |
| 15  ATVB Abrasive Wheel Company, 50% ownership<br>    Imported from original petition Doc# 1<br>Buys and resells only when there is an order | 0.00 | 1.00 | | 0.00 | FA |
| 16  Park Grove Investments, dissolved partnership<br>    Imported from original petition Doc# 1<br>Dissolved Partnership (had 25% ownership) | 0.00 | 0.00 | | 0.00 | FA |
| 17  Revelonej, partnership (25% interest)<br>    Imported from original petition Doc# 1; Lien: Account | 0.00 | 0.00 | | 0.00 | FA |

Exhibit A

Page: 4

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 15-22422-BSJ  
**Case Name:** SNYDER, GILSON  

**Period Ending:** 06/20/17

**Trustee:**  (330350)  EUGENE CRANE  
**Filed (f) or Converted (c):** 06/29/15 (f)  
**§341(a) Meeting Date:** 08/11/15  
**Claims Bar Date:** 04/07/17

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | No.6280000426989<br>Bayview Financial Loan<br>Bankruptcy Dept<br>4425 Ponce De Leon Blvd 5th Fl X<br>Miami, FL 33146 - Amount: 11205.00 | | | | | |
| 18 | Inheritance from Father's Est; died January 2014<br>    Imported from original petition Doc# 1; Exemption: Father died January 2014. prelminary numbers show value of estate to Gilson - Exemption Amount: 1541.00. As of 2017 - it was ascertained that Debtor has 1/4 interest in sale of property from the estate of deceased Father, in the sum of approximately $95,900.00 (much more than Trustee original estimate of value). Will be turned over in two payments to Trustee. | 6,150.00 | 4,609.00 | | 95,977.30 | FA |
| 19 | 2000 Dodge Grand Caravan, over 200K miles<br>    Imported from original petition Doc# 1 | 500.00 | 500.00 | | 0.00 | FA |
| 20 | 2003 Ford Excursion, owns 50%, over 200K miles<br>    Imported from original petition Doc# 1; Exemption: 2003 Ford Excursion, owns 50%, over 200K miles - Amount: 2000.00 | 2,000.00 | 0.00 | | 0.00 | FA |
| 21 | 1975 Vegas camping<br>    Imported from original petition Doc# 1 | 50.00 | 50.00 | | 0.00 | FA |
| 22 | Homemade trailer<br>    Imported from original petition Doc# 1 | 500.00 | 500.00 | | 0.00 | FA |
| 23 | 1972 Buick, not restored, does not run<br>    Imported from original petition Doc# 1; Exemption: 1972 Buick, not restored, does not run - Amount: 300.00 | 500.00 | 200.00 | | 0.00 | FA |
| 24 | 2001 Chevy Tahoe, smashed in front end, over 190<br>    Imported from original petition Doc# 1 | 250.00 | 250.00 | | 0.00 | FA |
| 24 | Assets    Totals (Excluding unknown values) | **$669,809.00** | **$81,210.00** | | **$95,977.30** | **$0.00** |

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 5

**Case Number:** 15-22422-BSJ  
**Case Name:** SNYDER, GILSON

**Trustee:** (330350) EUGENE CRANE  
**Filed (f) or Converted (c):** 06/29/15 (f)  
**§341(a) Meeting Date:** 08/11/15

**Period Ending:** 06/20/17  
**Claims Bar Date:** 04/07/17

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br><br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Major Activities Affecting Case Closing:**

04/06/2017: Another bar date was set by the Court in error, original bar date is 04/07/2017. Withdrew second initial report of assets and will notice all creditors that original bar date stands. (dk)

3/23/2016: Second and final payment of Debtor's portion of proceeds from Father's estate has been received. Will check with accountant if there is any tax liability; will file claim objections to secured claims in preparation of closing case. (dk)

12/15/2016: Counsel discovered that Debtor's father's estate sold a parcel of real estate. Demanded turnover of Debtor's portion of proceeds. (dk)

03/31/2016: Discovery continues into Debtor's partnership holdings(dk)

09/16: Investigating real property;  probate estate(dk)

01/13/2016 - Scheduled Deposition for J. Snyder on 1/21 (jm)

**Initial Projected Date Of Final Report (TFR):**   February 28, 2017  **Current Projected Date Of Final Report (TFR):**   December 31, 2017

Printed: 06/20/2017 04:57 PM    V.13.30

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 15-22422-BSJ | | Trustee: | EUGENE CRANE (330350) |
|---|---|---|---|---|
| Case Name: | SNYDER, GILSON | | Bank Name: | Rabobank, N.A. |
| | | | Account: | ******0866 - Checking Account |
| Taxpayer ID #: | **-***0355 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 06/20/17 | | Separate Bond: | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Checking Account Balance |
| 01/09/17 | {18} | Jay Snyder, Jodie Roth, Rev. Trust Agrmt of O.L. Gil Snyder | Debtor's portion of Father's Estate | 1129-000 | 49,535.01 | | 49,535.01 |
| 01/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 49.87 | 49,485.14 |
| 02/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 66.43 | 49,418.71 |
| 03/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 73.44 | 49,345.27 |
| 04/05/17 | {18} | Jay Snyder Jodie Roth Rev. Trst Agrmt of OL Gil Snyder | Final payment from Debtor's portion of inheritance of OL Gil Snyder | 1129-000 | 46,442.29 | | 95,787.56 |
| 04/06/17 | 101 | Gilson Snyder | Debtor's Claimed Exemption on inheritance from Father's Estate | 8100-002 | | 1,541.00 | 94,246.56 |
| 04/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 115.22 | 94,131.34 |
| 05/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 151.37 | 93,979.97 |
| | | | ACCOUNT TOTALS | | 95,977.30 | 1,997.33 | $93,979.97 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 95,977.30 | 1,997.33 | |
| | | | Less: Payments to Debtors | | | 1,541.00 | |
| | | | NET Receipts / Disbursements | | $95,977.30 | $456.33 | |

| | | | |
|---|---|---|---|
| Net Receipts : | 95,977.30 | | |
| Less Payments to Debtor : | 1,541.00 | | |
| Net Estate : | $94,436.30 | | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******0866 | 95,977.30 | 456.33 | 93,979.97 |
| | $95,977.30 | $456.33 | $93,979.97 |

{} Asset reference(s)

Printed: 06/20/2017 04:57 PM    V.13.30

# Claims Proposed Distribution

## Case: 15-22422-BSJ   SNYDER, GILSON

**Case Balance:** $93,979.97   **Total Proposed Payment:** $93,979.97   **Remaining Balance:** $0.00

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| 4 | Northbrook Bank & Trust | Secured | 23,319.03 | 0.00 | 0.00 | 0.00 | 0.00 | 93,979.97 |
| | **Claim Memo:** Claim Withdrawn by Claimant on May 16, 2017 | | | | | | | |
| | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 48.96 | 48.96 | 0.00 | 48.96 | 48.96 | 93,931.01 |
| | <3120-00   Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
| | Crane, Heyman, Simon, Welch & Clar | Admin Ch. 7 | 14,996.50 | 14,996.50 | 0.00 | 14,996.50 | 14,996.50 | 78,934.51 |
| | <3110-00   Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| | EUGENE CRANE | Admin Ch. 7 | 7,971.82 | 7,971.82 | 0.00 | 7,971.82 | 7,971.82 | 70,962.69 |
| | <2100-00   Trustee Compensation> | | | | | | | |
| 1 | Quantum3 Group, agent for CF Medical LLC | Unsecured | 363.43 | 363.43 | 0.00 | 363.43 | 134.24 | 70,828.45 |
| 2 | Quantum3 Group, agent for CF Medical LLC | Unsecured | 536.20 | 536.20 | 0.00 | 536.20 | 198.05 | 70,630.40 |
| 3 | BMO Harris Bank N.A. | Unsecured | 191,225.41 | 191,225.41 | 0.00 | 191,225.41 | 70,630.40 | 0.00 |
| | **Total for Case 15-22422 :** | | **$238,461.35** | **$215,142.32** | **$0.00** | **$215,142.32** | **$93,979.97** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| **Total Administrative Claims :** | $23,017.28 | $23,017.28 | $0.00 | $23,017.28 | 100.000000% |
| **Total Secured Claims :** | $23,319.03 | $0.00 | $0.00 | $0.00 | 0.000000% |
| **Total Unsecured Claims :** | $192,125.04 | $192,125.04 | $0.00 | $70,962.69 | 36.935680% |

**TRUSTEE'S PROPOSED DISTRIBUTION**                                Exhibit D

Case No.: 15-22422-BSJ
Case Name: SNYDER, GILSON
Trustee Name: EUGENE CRANE

**Balance on hand:**                     $         93,979.97

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 4 | Northbrook Bank & Trust | 23,319.03 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors:    $         0.00
Remaining balance:                        $    93,979.97

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - EUGENE CRANE | 7,971.82 | 0.00 | 7,971.82 |
| Attorney for Trustee, Fees - Crane, Heyman, Simon, Welch & Clar | 14,996.50 | 0.00 | 14,996.50 |
| Attorney for Trustee, Expenses - Crane, Heyman, Simon, Welch & Clar | 48.96 | 0.00 | 48.96 |

Total to be paid for chapter 7 administration expenses:   $    23,017.28
Remaining balance:                                         $    70,962.69

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $    0.00
Remaining balance:                                             $    70,962.69

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

| | Total to be paid for priority claims: | $ 0.00 |
|---|---|---|
| | Remaining balance: | $ 70,962.69 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 192,125.04 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 36.9 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group, agent for CF Medical LLC | 363.43 | 0.00 | 134.24 |
| 2 | Quantum3 Group, agent for CF Medical LLC | 536.20 | 0.00 | 198.05 |
| 3 | BMO Harris Bank N.A. | 191,225.41 | 0.00 | 70,630.40 |

| | Total to be paid for timely general unsecured claims: | $ 70,962.69 |
|---|---|---|
| | Remaining balance: | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

| | Total to be paid for tardy general unsecured claims: | $ 0.00 |
|---|---|---|
| | Remaining balance: | $ 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**